**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Luis Q. Rodriquez,** | ) | **CASE NO. 4:19 CV 2485** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Mark Williams, Warden** | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

*Pro se* Petitioner Luis Q. Rodriquez filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is incarcerated in FCI Elkton; however, the incident in question took place at FCI Cumberland. In his Petition, he asserts he was denied due process at a prison disciplinary hearing, which resulted in the loss of Good Time Credit. For the reasons set forth below, the Petition is denied and this action is dismissed.

## BACKGROUND

On September 20, 2018, at 9:06 p.m. Corrections Officer Parker at FCI Cumberland conducted an area search of the G-Unit wing 3 of the Camp Compound. He indicated he observed Petitioner run to the shower area with a black cellular telephone in his left hand. He claimed Petitioner exited the shower area without the cellular telephone. Parker then went into

the shower and discovered a total of four cellular telephones. Parker issued a conduct report to Petitioner on September 21, 2018, charging him with disposing of evidence.

The Disciplinary Hearing was held on October 15, 2018. On September 26, 2018, Petitioner was advised of the hearing date and his rights at that hearing. He waived his right to staff member representation and his right to call witnesses. Instead, he provided the statement that he did not have a cellular telephone. He maintained he was permitted to remain in the cube while it was being searched by another officer. He later heard his name called over the loud speaker and reported to the lieutenant's office where he learned he was being charged. He contended it was a case of mistaken identity. The Disciplinary Hearing Officer ("DHO") issued a written opinion finding Petitioner guilty of the lesser conduct charge of possession of a hazardous tool. He sanctioned Petitioner with disallowance of 41 days of Good Time Credit, forfeiture of 41 days of non-vested Good Time Credit, 30 days of disciplinary segregation, and 180 days loss of email and visitation. Petitioner appealed this decision through to the National Inmate Appeals Administrator at the Bureau of Prisons but his appeal was denied.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming he was denied due process. He states he did not get proper notice that the charge was altered to possession of a hazardous tool. He claims this denied him the ability to present a defense. Finally, he claims he was denied a conviction based on some evidence due to the change in the conduct charge. He seeks expungement of the disciplinary charge and restoration of his Good Time Credits.

**STANDARD OF REVIEW**

Writs of Habeas Corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

**DISCUSSION**

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any

hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, Petitioner's three claims are all based on the DHO's decision to find him guilty of the offense of possession of a hazardous tool instead of the offense of destroying evidence with which he was charged. The DHO reasoned that the two offenses were interrelated. The Corrections Officer testified that he saw Petitioner go into the showers with a black cellular telephone in his left hand, and return moments later without the cellular telephone. The officer surmised that Petitioner hid the telephone, but did not witness it. The testimony proved only that Petitioner had possession of a cellular telephone before entering the shower, so the DHO found him guilty of that offense. The Regional Director and the National

Inmate Appeals Administrator both concurred that Inmate Disciplinary Program Statement 5270.09 allows the DHO to consider all the evidence presented and conclude either that the inmate committed an offense similar to the one charged, if the facts supporting it are reflected in the incident report. They found Petitioner had sufficient notice that he was accused of having a cellular telephone in his possession while he was carrying it to the shower.

Petitioner was not denied due process. Although the charge of which he was convicted was slightly different the original charge, both were based on the same facts and the same incident. It would be impossible to prove that Petitioner was disposing of a cellular telephone in the shower during a search without also proving that Petitioner possessed the cellular telephone as he walked into the shower. Petitioner's offered defense of mistaken identity would be exactly the same for both charges. He was given written notice of the allegations against him, and an opportunity to call witnesses. He was provided with a written statement by the DHO of the evidence upon which his finding of guilt was based. Furthermore, there was some evidence to support that finding in the form of the Corrections Officer's testimony. Petitioner points to other witnesses that could have been called and contends the officer's testimony is not as reliable as that of the officers standing closer to him. Nevertheless, the finding need only be supported by some evidence, not the best evidence establishing guilt beyond a reasonable doubt. His disciplinary hearing comports with the requirements of due process.

### **CONCLUSION**

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good

faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Court
Dated: 2/18/20          Chief Judge